UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00126-FWS-ADS | Date: April 24, 2025 |
| Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION; ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LAUREN ANTONIA NEUMANN [21]**

In this case, Plaintiffs Stout Law Firm, LLP (the "Law Firm") and James Russel Stout ("Stout") (together, "Plaintiffs") assert claims against Defendants LaurenSays5, Nikko. B., Robert M., Ruby M., Melinda K., Alyssa M., Charlotte T., Kathryn M., Cassandra W., Lauren Antonia Neumann ("Neumann"), and unnamed Does (collectively, "Defendants"). (*See generally* Dkt. 11 ("First Amended Complaint" or "FAC").) Before the court is Plaintiffs' Application for Entry of Default Judgment against Neumann. (Dkt. 21 ("Application" or "App.").) No opposition to the Application has been filed. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for May 15, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, Plaintiffs are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction, and the Application is **DENIED WITHOUT PREJUDICE.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00126-FWS-ADS                                                                 Date: April 24, 2025
Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.*

## I. Background

Stout is "an active licensed California attorney, who owns and operates" the Law Firm. (FAC ¶ 21.) In "the middle of the Pandemic," Stout "began posting videos" that are "designed to educate and entertain lawyers and the public," eventually "earn[ing] a small social media presence which includes approximately 50,000 followers" across the TikTok, LinkedIn, Facebook, Instagram, and YouTube platforms. (*Id.* ¶ 12.) "Also, under the username 'Stout Law Firm' aka 'devil's advocate' aka 'troll_for_the_devil', Plaintiff regularly commented on TikTok videos made by other creators." (*Id.* ¶ 13.)

In one instance, Stout commented on a TikTok video Neumann made, stating, "I am the devil." (*Id.* ¶ 13, Ex. 1.) "Rather than argue the points, the Defendants, with [Neumann] as their leader, conspired together to post negative revenge reviews and violent threats on Plaintiff's Yelp website, for the purpose to cause harm to Plaintiff's reputation and brand, and intimidate Plaintiff." (*Id.* ¶ 14.)

Plaintiffs allege "[b]ased on information and belief" that "Lauren is a leader of an international criminal organization that review bombs businesses and threatens violence against victims," and "violent threats are felonies under federal law." (*Id.* ¶ 4.) Plaintiffs further allege Neumann "initiated, coordinated, and supervised an attack on Plaintiff's Yelp business review website" and "intentionally directed the other Defendants to post negative reviews on Plaintiff's Yelp website." (*Id.* ¶ 5.) "Based on information and belief, [Neumann] also instructed the Defendants to post violent threats against Plaintiff." (*Id.* ¶ 6.)

The comments Defendants left on the Law Firm's Yelp page include the following:

- Nikko B.: "Hey man if you're gonna leave comments and harass women online, at least have a private account where people can't find where you work, live, and where your kids go to school. I live in Irvine too, don't make me visit.'"
- Robert M.: "the douche in charge is a monster and thinks he's the devil. Is this who you want representing you?"
- Ruby M.: "I'm a Tiktok creator and for weeks James Stout has been harassing me and commenting nasty things he just commented I am the Devil and his TikTok

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00126-FWS-ADS | Date: April 24, 2025 |
| Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al*. | |

- name is Troll_for_the_devils .. Then I found out with the help on my friends so I decided to leave a comment. I don't think it's ethically appropriate to be posting harassing comments on my TT and being a Lawyer, your supposed to help protect people ... I make content about not liking Trump and he's MAGA ...."
- Melinda K.: "Thi guy calls himself the devil and harasses women online! consider a more reputable lawyer."
- Cassandra W.: "He's dumb enough to use his full name and occupation when leaving disgusting comments on the internet, so you probably shouldn't trust him to win your easel!"
- Alyssa M.: "Women stay clear of this man. / James R. Stout Esq. on a public tiktok was found commenting disgusting rhetoric about women being replaceable and there being 'less competition for the Thai and Filipinas'. / I would strongly reconsider if you want to be represented by someone who seems to have no respect for women and even less respect for asian women."
- Charlotte T: "Please be careful hiring this man. He is a misogynist and likes to troll women on social media. This is very unsettling for someone in family law. He is currently being reported to the California bar for his behavior."
- Kathryn M.: "Mr. Stout likes to leave exist comments on the social media accounts of women he doesn't know."

(*Id.* Exs. 2-3.)

Based on these facts, Plaintiffs allege claims against Defendants for (1) violation of trade regulation rule on the use of consumer reviews and testimonials, 16 C.F.R. § 465, (2) libel per se, (3) civil conspiracy, and (4) injunctive relief. (*Id.* ¶¶ 41-67.)

## II.    Order to Show Cause

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Therefore, district courts "have an independent obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00126-FWS-ADS | Date: April 24, 2025 |
| Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.* | |

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). In this case, Plaintiffs allege the court has subject matter jurisdiction based on both diversity jurisdiction and federal question jurisdiction. (Compl. ¶¶ 17-18.)

Diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). The allegations needed to establish the citizenship of a party vary depending on whether the party is a natural person, corporation, or other entity. If the party is a natural person, the complaint must allege the person's state of domicile, which is their permanent home, where they reside with the intent to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). If a party is a corporation, the complaint must allege both the corporation's state of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a partnership, limited liability company, or other unincorporated association, the complaint must allege the citizenship of each of the partners, including limited partners, or members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00126-FWS-ADS            Date: April 24, 2025
Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.*

---

     Here, Plaintiffs allege that Stout is a "California attorney" and that the Law Firm is "a valid California corporation in good standing with its prin[]cipal place of business in Irvine, California." (FAC ¶ 21.) Plaintiffs also allege that "Defendant Nikko B. resides in Orange County, California," (*id.* ¶¶ 21, 24; *see id.* ¶ 6 (quoting from Nikko B.'s review, in which Nikko B. states "I live in Irvine")), Neumann is an Ohio resident, (*id.* ¶ 22), Charlotte T. is a Nevada resident, (*id.* ¶ 28), and the remaining defendants are each residents of unknown states, (*id.* ¶¶ 23, 25-27, 29-30.) Regarding the residents of unknown states, the court observes that Exhibits 2 and 3 to the Complaint, which reflect Defendants' Yelp reviews, list a city and state under the name of each reviewer. (*Id.*) Under Nikko B. is listed San Ramon, CA; under Robert M. is listed Port Hueneme, CA; under Ruby M. is listed Irvine, CA; under Melinda K. is listed Los Angeles, CA; under Cassandra W. is listed Upland, CA; under Alyssa M. is listed Raleigh, NC; under Charlotte T. is listed Las Vegas, NV; and under Kathryn M. is listed San Francisco, CA. (*Id.*) The court finds that the allegations of the Complaint and the documents attached thereto make it extremely unlikely that there is complete diversity of citizenship in this case. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d at 1234.

     The court also has questions regarding whether federal question jurisdiction exists. The only claim Plaintiffs bring under federal law is Plaintiffs' claim under 16 C.F.R. § 465. (FAC ¶¶ 41-45.) But Plaintiffs concede in the Application that "*Rule 465* is an FTC Act, and arguably may not allow for a private right of action." (Mot. at 17.) Plaintiffs further state in the Application that "[a]ccording to the Federal Trade Commission, *Rule 465* "will allow **the agency** to strengthen enforcement, seek civil penalties against violators, and deter AI-generated fake reviews." (*Id.* at 16 (bold added).) Similarly, the FAC alleges that under Rule 465, **"[t]he Federal Trade Com[m]ission ('FTC')** is a[u]thorized to impose fines of $51,744.00 per incident." (FAC ¶ 1 (emphasis added).)

     The court has serious concerns regarding the viability of Plaintiffs' only claim asserted under federal law. *See* Federal Register Notice, 16 CFR Part 465: Trade Regulation Rule on the Use of Consumer Reviews and Testimonials (Final Rule)[1] ("Another significant benefit is the

---

[1] This document may be found at:
https://www.ftc.gov/system/files/ftc_gov/pdf/r311003consumerreviewstestimonialsfinalrulefrn.pdf

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00126-FWS-ADS | Date: April 24, 2025 |
| Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.* | |

expansion of the remedies available **to the Commission**, including the ability to more effectively obtain monetary relief. This is particularly critical given the U.S. Supreme Court's decision in *AMG Capital Management, LLC v. FTC*, which held that equitable monetary relief, including consumer redress, is not available under Section 13(b) of the FTC Act. Post-*AMG*, **the Commission's** primary means for obtaining redress is Section 19 of the FTC Act. By issuing the final rule, **the Commission** can obtain such redress based on violations of the rule in one proceeding under Section 19(a)(1), which will be significantly faster than the two-step process for obtaining redress under Section 19(a)(2). By allowing **the Commission** to secure redress more quickly and efficiently, this rule will also allow **the Commission** to preserve enforcement resources for other mission priorities. As an additional benefit, the rule will enable **the Commission** to seek civil penalties against violators." (footnotes omitted, emphases added)); *see also* Advertising and Promotions in Social Media, Practical Law Practice Note 1-538-6609 ("Effective as of October 21, 2024, this rule allows **the FTC** to seek civil penalties against knowing violators.") (emphasis added).

If a district court dismisses "all claims over which it has original jurisdiction," the district court "may decline to exercise supplemental jurisdiction over" remaining state law claims. 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction over remaining state law claims, courts consider the values "of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (citing *Mine Workers v. Gibbs,* 383 U.S. 715 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these factors] will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988).

Under the forgoing authority, if the court were to dismiss Plaintiffs' only federal law claim early in the proceedings, the court would be inclined to decline to exercise jurisdiction over Plaintiffs' remaining claims, which are all asserted under state law. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 & n.7; (FAC ¶¶ 46-67; Mot. at 12-16).

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing on or before **May 8, 2025,** why Plaintiffs' claim under federal law should not be dismissed, why the court should not decline to exercise jurisdiction over Plaintiffs' remaining claims, which are all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00126-FWS-ADS                                                            Date: April 24, 2025
Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.*

asserted under state law, and why this case should not be dismissed for lack of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Failure to file a written response to this Order to Show Cause or seek other appropriate relief on or before **May 15, 2025** will result in dismissal of Plaintiffs' claim under federal law, the court declining to exercise supplemental jurisdiction over Plaintiffs' state law claims, and dismissal of this case for lack of subject matter jurisdiction, lack of prosecution, and failure to comply with a court order. *See Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Scholastic Ent.*, 336 F.3d at 985 ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); Fed. R. Civ. P. 41(b).

### III. The Application

"To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). For the reasons explained in Section II, *supra*, the court finds that Plaintiffs have failed to make an adequate showing in the Application that the court has subject matter jurisdiction over this case. The Application is therefore **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**