UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00126-FWS-ADS                              Date: May 16, 2025
Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO TIMELY SERVE THE COMPLAINT, LACK OF PROSECUTION, AND FAILURE TO COMPLY WITH COURT ORDERS [24] [26]**

In this case, Plaintiffs Stout Law Firm, LLP and James Russel Stout (together, "Plaintiffs") assert claims against Defendants LaurenSays5, Nikko. B., Robert M., Ruby M., Melinda K., Alyssa M., Charlotte T., Kathryn M., Cassandra W., Lauren Antonia Neumann ("Neumann"), and unnamed Does (collectively, "Defendants").  (*See generally* Dkt. 11 ("First Amended Complaint" or "FAC").)  Plaintiffs previously filed an Application for Entry of Default Judgment against Neumann.  (Dkt. 21 ("Application" or "App.").)  The court denied the Application, stating that the court "has questions regarding whether federal question jurisdiction exists."  (Dkt. 24 ("Jurisdictional OSC") at 4.)  Specifically, the court observed the FAC reflected a lack of diversity jurisdiction and "[t]he court has serious concerns regarding the viability of Plaintiffs' only claim asserted under federal law," noting that "if the court were to dismiss Plaintiffs' only federal law claim early in the proceedings, the court would be inclined to decline to exercise jurisdiction over Plaintiffs' remaining claims, which are all asserted under state law."  (*Id.* at 4-6.)  The court ordered Plaintiffs to show cause in writing on or before May 8, 2025, "why Plaintiffs' claim under federal law should not be dismissed, why the court should not decline to exercise jurisdiction over Plaintiffs' remaining claims, which are all asserted under state law, and why this case should not be dismissed for lack of subject matter jurisdiction."  (*Id.* at 6-7.)  The court further stated that "[f]ailure to file a written response to this Order to Show Cause or seek other appropriate relief on or before **May 15, 2025** will result in dismissal of Plaintiffs' claim under federal law, the court declining to exercise supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00126-FWS-ADS                               Date: May 16, 2025
Title: Stout Law Firm, LLP, *et al*. v. Laurensays 5, *et al.*

jurisdiction over Plaintiffs' state law claims, and dismissal of this case for lack of subject matter jurisdiction, lack of prosecution, and failure to comply with a court order." (*Id.* at 7.)

After the Jurisdictional OSC, the court also issued an Order to Show Cause re Dismissal for Lack of Prosecution as to the remaining Defendants. (Dkt. 26 ("Lack of Prosecution OSC").) Specifically, the court observed that "90 days have passed since Plaintiff[s] filed the Complaint, yet no proof of service has been filed" as to all Defendants except Neumann. (*Id.* at 1.) The court noted that under Federal Rule of Civil Procedure 4(m), "[a]bsent a showing of good cause, '[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . *must* dismiss the action.'" (*Id.*) Accordingly, the court ordered Plaintiffs to show cause on or before April 29, 2025, why the case should not be dismissed for lack of prosecution. (*Id.*) The court clearly stated that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further notice or order from the court." (*Id.* at 1-2.)

Plaintiffs did not respond to the Jurisdictional OSC or the Lack of Prosecution OSC. (*See generally* Dkt.) For the reasons stated in the Jurisdictional OSC, the court **DISMISSES** Plaintiffs' claim under federal law, **DECLINES** to exercise jurisdiction over Plaintiffs' remaining claims, which are all asserted under state law, and therefore **DISMISSES** this case for lack of subject matter jurisdiction, and also for failure to serve Defendants within 90 days after the Complaint was filed, for lack of prosecution, and for failure to comply with court orders. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); Fed. R. Civ. P. 41(b); Fed R. Civ. P. 4(m).